UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT E. YENDES, Jr. and FRANKLIN E. GARRETT, Jr., <br><br> Plaintiffs, <br><br> v. <br><br> MARC McCULLOCH, *et al.*, <br><br> Defendants. | Civil No. 09cv1143-L(CAB) <br><br> **ORDER DENYING PLAINTIFFS' MOTION TO STRIKE AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

In this action brought under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), Defendants brought a motion for summary judgment. Plaintiffs opposed the motion and cross-moved to strike. For the reasons discussed below, Plaintiffs' motion to strike is **DENIED** and Defendants' motion for summary judgment is **GRANTED**.

The only cause of action remaining in this case is Plaintiffs' claim that their Fourth Amendment rights were violated when Defendants subjected them to warrantless audio surveillance in the evening of June 7, 2007. (*See* Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, filed Aug. 23, 2010, at 8-10.)[1] This claim is based on Plaintiffs' allegation that they had a meeting at a conference room at Vacation Inn in El Centro, California in the evening of June 7, 2007, that Defendants had placed a stationary audio surveillance device

---

[1] Although certain other claims were dismissed with leave to amend (*see* Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, filed Aug. 23, 2010, at 15-16), Plaintiffs have not filed an amended complaint.

in the conference room, and that Defendants listened to the meeting without a warrant.

Defendants filed a motion for summary judgment. In addition to filing an opposition, Plaintiffs filed a motion pursuant to Federal Rule of Civil Procedure 12(f) to strike Defendants' summary judgment motion. Under Rule 12(f), "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Only pleadings are subject to motion to strike. Fed. R. Civ. Proc. 12(f); *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). Motions are not pleadings as defined by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. Proc. 7(a). Accordingly, a motion may not be stricken pursuant to a Rule 12(f) motion to strike. *Sidney-Vinstein*, 697 F.2d at 885-86. Plaintiffs' motion to strike Defendants' summary judgment motion is therefore **DENIED**.

With respect to Defendants' summary judgment motion, Rule 56 of Federal Rules of Civil Procedure empowers the court to enter summary judgment on factually unsupported claims or defenses, and thereby "secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 327 (1986). Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

The moving party can meet its burden on summary judgment by pointing out the absence of evidence with respect to any one element of the claim or defense. *See Celotex*, 477 U.S. at 325. If the movant meets this burden, the burden shifts to the nonmovant to show summary adjudication is not appropriate. *Celotex*, 477 U.S. at 317, 324. In this regard, the nonmovant must "go beyond the pleadings" and rely on "evidentiary materials" such as "her [or his] own affidavits, or . . . the depositions, answers to interrogatories, and admissions on file" to designate specific facts in opposition to the summary judgment motion. *Celotex*, 477 U.S. at 324 (internal quotation marks omitted). These evidentiary materials must show that genuine factual issues remain which "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The nonmovant does not meet this burden by showing "some metaphysical doubt as to material

facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

When ruling on a summary judgment motion, the nonmovant's evidence is to be believed, and all justifiable inferences are to be drawn in his or its favor. *Anderson*, 477 U.S. at 255. Determinations regarding credibility, the weighing of evidence, and the drawing of legitimate inferences are jury functions, and are not appropriate for resolution by the court on a summary judgment motion. *Id*.

Defendants maintain that there is no genuine dispute as to Plaintiffs' remaining Fourth Amendment claim. In support of their motion for summary judgment they filed a declaration of the current owner of Vacation Inn, stating that the records indicate Plaintiffs reserved the conference room for June 8 through 10, 2007, but not June 7, 2007. (Decl. of Falguni Kumar.) In addition, they filed declarations of Defendants Marc McCulloch and Troy Ribail, FBI agents from the field office in El Centro, stating that their office did not place a stationary listening device in the conference room.

In their opposition, Plaintiffs admit that they reserved the conference room from June 8 through June 10, 2007, but claim they were permitted by the management to use it also in the evening on June 7, 2007. (Opp'n at 10-11.) Plaintiffs further assert that they were present in the conference room on that evening and that Defendants listened in on their meeting. (*Id*. at 9, 11.) However, Plaintiffs did not file any evidentiary materials in support of these assertions. The only document filed in support of these assertions is Plaintiffs' Exhibit N, which shows that on June 2, 2007 they reserved the conference room for June 9, 2007 from 10 a.m. to 6 p.m., and that "[c]ourt reporters and invitees will be allowed to set up, then wait at the Hotel Lobby until paying party check-in."

For purposes of raising a genuine issue of material fact in opposition to a summary judgment motion, a fact is material when it affects the outcome of the case. *Anderson*, 477 U.S. at 248. "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id*. at 249.

Exhibit N is insufficient to raise a genuine issue of material fact with respect to Plaintiffs' Fourth Amendment claim. To support their claim, Plaintiffs must show that they had a

legitimate expectation of privacy in the conference room on June 7, 2007. *See, e.g., United States v. McIver*, 186 F.3d 1119, 1126 (9th Cir. 1999). "To establish a 'legitimate' expectation of privacy, [a person] must demonstrate a subjective expectation that his activities would be private, and he must show that his expectation was 'one that society is prepared to recognize as reasonable.'" *United States v. Nerber*, 222 F.3d 597, 599 (9th Cir. 2000), quoting *Bond v. United States*, 529 U.S. 334, 338 (2000). Because Exhibit N does not state, or even support a reasonable inference, that Plaintiffs were allowed to use the conference room on June 7, 2007, it is insufficient to support a legitimate privacy interest. Moreover, the *sine qua non* for the claim is that Plaintiffs' were in the conference room at the time of the alleged surveillance and had at least a subjective expectation of privacy. Plaintiffs did not submit any evidence in support of these facts. Although they could have filed their own declarations, they did not do so.

The only declarations Plaintiffs filed were declarations of Michael Yendes and Diane Harris, however, neither of them provides any facts relevant to the alleged warrantless audio surveillance on June 7, 2007, Plaintiffs' use of the conference room on that day, or their expectation of privacy. Plaintiffs also filed a number of exhibits pertaining to the FBI investigation (Exh. A-M), however, they do not point to any exhibit in support of their June 7 audio surveillance claim.[2] Accordingly, Plaintiffs failed to present any evidence in opposition to Defendants' motion for summary judgment which could raise a genuine issue of material fact with respect to the June 7, 2007 warrantless audio surveillance claim.

Plaintiffs argue that Defendants' motion should be denied for lack of credibility because they had previously misled the court into dismissing other claims.[3] On a motion for summary judgment, the court does not make credibility determinations and therefore cannot decide the motion based on credibility issues. *See Anderson*, 477 U.S. at 255. Accordingly, this argument is rejected.

---

[2] The exhibits appear to have been submitted in support of Plaintiffs' arguments that Defendants lack credibility and have previously misled the court.

[3] Plaintiffs have not filed a motion to reconsider the August 23, 2010 order dismissing the claims. At the time of Plaintiffs' opposition filing on November 5, 2010, any such motion to reconsider would have been untimely. *See* Civ. Loc. Rule 7.1(i).

Last, Plaintiffs claim that they should be allowed discovery to support their allegations. A party seeking continuance of a summary judgment ruling based on a need for discovery "must identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment." *Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006).

Plaintiffs do not request any discovery relevant to their June 7, 2007 surveillance claim. They contend they need to depose "cooperating witness #2," who agreed to consensual monitoring of Plaintiffs on June 8, 2007. (Opp'n at 4 & 12.) Plaintiffs do not contend that this witness was involved in the audio surveillance on June 7, 2007, and do not otherwise explain how this discovery would lead to facts precluding summary judgment. Plaintiffs also seek discovery of a recorded telephone conference of June 5, 2007 between Plaintiff Franklin Garrett and "cooperating witness #1," which was allegedly the basis for Defendants' Operation/Arrest Plan directed at Plaintiffs, including alleged audio surveillance. (Opp'n at 8-9 & 13.) Plaintiffs do not contend that this witness was involved in the alleged surveillance on June 7, 2007, and do not explain how this discovery would lead to facts precluding summary judgment. Finally, Plaintiffs' request for discovery is not supported by an affidavit. Accordingly, their request to delay ruling on Defendants' motion until they can conduct the requested discovery is denied.

Because Plaintiffs failed to present evidence in opposition to Defendants' motion for summary judgment, they have failed to demonstrate that there are any genuine issues of material facts in dispute. *See Bias v. Moynihan*, 508 F.3d 1212, 1218-19 (9th Cir. 2007) (summary judgment against *pro se* plaintiff for failure to support opposition with evidence); *see also id.* at 1223 (no notice of summary judgment rules required for non-prisoner *pro se* litigants). Defendants' motion for summary judgment is therefore **GRANTED**.

**IT IS SO ORDERED**.

DATED: June 13, 2011

                        M. James Lorenz
                        United States District Court Judge

COPY TO:

HON. CATHY ANN BENCIVENGO
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL